1  **KAZEROUNI LAW GROUP, APC**
   Abbas Kazerounian (SBN: 249203)
2  ak@kazlg.com
   245 Fischer Avenue, Unit D1
3  Costa Mesa, California 92626
   Telephone:   (800) 400-6808
4  Facsimile:   (800) 520-5523

5  **KAZEROUNI LAW GROUP, APC**
   Yana A. Hart (SBN: 306499)
6  yana@kazlg.com
   Alan Gudino (SBN: 326738)
7  alan@kazlg.com
   2221 Camino Del Rio South, Suite 101
8  San Diego, California 92108
   Telephone:   (619) 233-7770
9  Facsimile:   (800) 520-5523

10 Attorneys for Plaintiff,
   DANISH FAROOQ

11

12             **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**

14

15 DANISH FAROOQ, individually and on     Case No.   3:21-cv-00663
   behalf of all others similarly situated,
16                                          **CLASS ACTION**
                  Plaintiff,
17                                          **COMPLAINT FOR VIOLATIONS**
              v.                            **OF:**
18
   4e BRANDS NORTH AMERICA, LLC,              1. **CONSUMER LEGAL**
19                                              **REMEDIES ACT, CAL.**
                  Defendant.                    **CIV. CODE §§ 1750, *ET***
20                                              ***SEQ.;***
                                             2. **FALSE ADVERTISING**
21                                              **LAW, CAL. BUS. & PROF.**
                                                **§§ 17500, *ET SEQ.;***
22                                           3. **UNFAIR COMPETITION**
                                                **LAW, CAL. BUS. & PROF.**
23                                              **§§ 17200, *ET SEQ.;***
                                             4. **NEGLIGENT**
24                                              **MISREPRESENTATION;**
                                                **AND**
25                                           5. **INTENTIONAL**
                                                **MISREPRESENTATION**
26
                                            **JURY TRIAL DEMANDED**
27

28

## INTRODUCTION

1.    Plaintiff Danish Farooq ("Mr. Farooq" or "Plaintiff") brings this Class Action Complaint to challenge the deceptive advertising and business practices of defendant, 4e Brands North America, LLC ("4e Brands" or "Defendant") with regard to Defendant's false and misleading promotion of Assured Aloe Hand Sanitizer, Assured Clear Hand Sanitizer, Assured Instant Hand Sanitizer (Vitamin E and Aloe), Assured Instant Hand Sanitizer (Aloe and Moisturizers), Blumen Antibacterial Fresh Citrus Hand Sanitizer, Klar and Danver Instant Hand Sanitizer, Hello Kitty by Sanrio Hand Sanitizer, the Honeykeeper Hand Sanitizer, Blumen Instant Hand Sanitizer, Blumen Advanced Clear Hand Sanitizer, Blumen Aloe Advanced Hand Sanitizer, Blumen Advanced Hand Sanitizer, Blumen Clear Hand Sanitizer, Blumen Clear Tea Tree Hand Sanitizer, and Modesa Clear Gel Antibacterial,[1] (collectively, the "Products").

2.    Each of the Products are identically defective because each of the Products contains methanol instead of ethyl alcohol ("ethanol"), which makes the Products toxic and life threatening. Exposure to methanol can result in nausea, vomiting, headache, blurred vision, permanent blindness, seizures, coma, permanent damage to the nervous system or death.

3.    Consequently, Defendant's advertised claims that each of the Products contains "70% Ethyl Alcohol" as the active ingredient and that the Products are "Hand Sanitizer" are false and misleading.

4.    Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by Plaintiff's attorneys.

---

[1] The list of products includes products of similar name varying in sizes, and discovery may reveal even more products with the identical defect. A complete list of products can be found at: https://www.fda.gov/drugs/drug-safety-and-availability/fda-updates-hand-sanitizers-consumers-should-not-use#products (last accessed Jan. 20, 2021).

5.     Defendant's nationwide sale and advertising of deceptively misbranded products constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq*.; (3) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.;* (4) negligent misrepresentation; and (5) intentional misrepresentation.

6.     This conduct damaged Plaintiff and others similarly situated, and requires restitution and injunctive relief to remedy and prevent further harm.

7.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(d), because this is a proposed class action in which: (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) members of the proposed Class are citizens of a state different from Defendant's; and (iii) the number of Class Members is greater than 100.

9.     Defendant has sufficient minimum contacts with California and has otherwise intentionally availed itself of the markets in California through the promotion, marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendant is subject to the Court's personal jurisdiction with respect to this action because Defendant conducts business in this judicial district; and (iii) Mr. Farooq resides within this judicial district.

## PARTIES

11.     Mr. Farooq is a natural person residing in Hayward, Alameda County, California.

12.     Upon information and belief, Defendant is a limited liability corporation with its principal place of business at 17806 W. Interstate 10, Suite 300, San Antonio, Texas, 78257- 8222. Defendant manufactures, markets, and distributes the Products throughout the United States, including in New York.

## NATURE OF THE CASE

13.     Defendant manufacturers and sells hand sanitizers throughout the United States, including at Costco Wholesale retail locations.

14.     Throughout its website, Defendant boasts of making a "positive change in your life," and "promoting a good and healthy well-being."

15.     Defendant represents on its packaging that the Products' active ingredient is seventy percent (70%) Ethyl Alcohol. It also contains representations about the sanitizer, such as "KILLS UP TO 99.9% OF GERMS" and "ETHYL ALCOHOL 70%."

16.     Ethyl Alcohol, or ethanol, is a grain—based alcohol that is commonly used as an active ingredient in hand sanitizer. Ethyl alcohol is generally considered a safe substance that is used in a variety of other applications, including cosmetics, beer, liquor, and even food.

17.     On the other hand, methanol, or wood alcohol, is a substance that can be toxic when absorbed through the skin and can be life-threatening when ingested.

18.     On July 8, 2020, the FDA added each of Defendant's Products to the list of hand sanitizer products that were labeled to contain ethanol, but that in fact were contaminated with methanol, and that, accordingly, could not be used by consumers.[2]

---

[2] https://www.fda.gov/drugs/drug-safety-and-availability/fda-updates-hand-sanitizers-consumers-should-not-use (last accessed Jan. 20, 2021).

19.    Following the FDA's warnings of methanol, on July 24, 2020, 4e Brands issued recalls on all of its hand sanitizer products, including the Products. 4e Brands admitted that the Products are being recalled due to a presence of methanol which poses a significant health risk.

20.    However, when 4e Brands performed its recalls, it did not offer to reimburse consumers, instead 4e Brands instructed consumers to "stop using the product and return it to the place of purchase," and that "[c]onsumers should contact their physician or healthcare provider if they experienced any problems."[3]

### FACTUAL ALLEGATIONS

21.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.    On or about June 23, 2020, Plaintiff purchased two bottles of 33.8 Fl oz Blumen Hand Sanitizer ("Blumen bottles") at Costco Wholesale.

23.    Immediately after Plaintiff's children used the Blumen bottles, both of Plaintiff's children began vomiting, which is one of the symptoms of methanol toxicity.

24.    Plaintiff used the Blumen bottles regularly.

25.    At the time Plaintiff purchased Defendant's Blumen bottles, Plaintiff believed Defendant's claims that the product had 70% Ethyl Alcohol.

26.    Plaintiff also believed the Blumen bottles could "kill[] up to 99.9% of germs" based on Defendant's representation on the Blumen bottles' labels.

27.    Plaintiff also believed Defendant's representation that the Blumen bottles were safe to use and even helpful for Plaintiff based on the below symbol on Defendant's label.

///

---

[3] https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/4e-brands-north-america-issues-nationwide-voluntary-recall-hand-sanitizer-due-potential-presence (last accessed Jan. 20, 2021).



28.     At the time Plaintiff purchased Defendant's Blumen bottles, Plaintiff believed and relied upon Defendant's representations on the label.

29.     Plaintiff reasonably believed that Defendant's Blumen bottles could kill 99.9% of germs without danger to his health, and that the main ingredient was ethyl alcohol.

30.     On or about August 2020, Plaintiff received a postcard in the mail from Costco notifying him that the Blumen bottles Plaintiff purchased contained methanol.

31.     Plaintiff suffered economic damages because Plaintiff would not have purchased the Blumen bottles had Plaintiff known that it contained dangerous methanol.

32.     All of the Products Plaintiff purchased contain identical or substantially similar representations on their labels regarding the nature the Products.

33.     Defendant knew, or in the exercise of reasonable care, should have known that its Products contained methanol; thus, Defendant knew or should have known that its advertising materials were misleading or false.

34.     As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Products under the false impression that the Products safely could kill 99.9% of germs and that they contained ethyl alcohol.

35.     Plaintiff would purchase one of Defendant's Products in the future; however, at this time he is unable to out of fear that the label with contain a misrepresentation or that the Products will contain dangerous ingredients.

36.     Plaintiff and other consumers similarly situated in California purchased and overpaid for Defendant's Products under the misrepresentations listed above.

37.    If Plaintiff and class members had been aware that the Products contained methanol, Plaintiff and the putative class members would not have purchased the Products. In other words, Plaintiff and the class members would not have purchased the Products but for the representations on Defendant's Products' labels.

38.    Plaintiff and other similarly situated consumers were exposed to and relied upon the same material misrepresentations made on Defendant's labels.

39.    As a result of Defendant's false and misleading statements, Plaintiff and other similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of Products, and they have suffered and continue to suffer injury in fact through the loss of money and/or property.

40.    This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

### CLASS ACTION ALLEGATIONS

41.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.    Plaintiff brings this action individually and on behalf of all others similarly situated in California against Defendant, pursuant to Federal Rule of Civil Procedure 23.

43.    Plaintiff represents, and is a member of the class ("the Class"), consisting of:

> All persons within the State of California who purchased one of the Products from Defendant within the four years prior to the filing of the Complaint.

44.    Excluded from the Class are Defendant and any of its officers, directors, and employees; the judge to which this case is assigned; and the judge's staff.

45.     Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

46.     The "Class Period" means four years prior to the filing of the Complaint in this action.

47.     <u>Ascertainability</u>. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are several hundreds, if not more, members of the Class within the State of California.

48.     Upon information and belief, Defendant and Defendant's distributors keep detailed and accurate records of purchasers of the Products. Therefore, the members of the Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding online sales, as well as through public notice. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

49.     <u>Numerosity</u>. The members of the Class are so numerous and geographically disbursed throughout the California that joinder of all Class members is impractical, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.

50.     Existence and Predominance of Common Questions of Law and Fact. There is a well-defined community of interest in the questions of law and fact involved and affecting the parties to be represented. Common questions of law and fact exist in this matter, which predominate over questions that may affect individual Class members, including but not limited to the following:

      a. Whether Defendant committed the wrongful conduct alleged herein;

      b. Whether Defendant's Products contained methanol;

      c. Whether Defendant's claims on the Products labels were false or misleading;

      d. Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and the members of the Class;

e.  Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

f.  Whether the members of the Class are entitled to injunctive and/or any other equitable relief.

51.  <u>Typicality</u>. As a person who purchased the Products, Plaintiff is asserting claims that are typical of the Class.

52.  Plaintiff's claims involve the same violations of law by Defendant as other Class members' claims.

53.  Plaintiff and members of the Class also sustained damages arising out of the common course of conduct complained of herein.

54.  <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims, claims involving violations of consumer laws, and specifically violations of the California Business and Professions Code.

55.  <u>Superiority</u>. A class action is superior to all other available means for the fair and efficient adjudication of this controversy.

56.  Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts.

57.  Individualized litigation would also increase delay and expense to all parties and the court system and to the issues raised by this action.

58.  The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant.

///

59.     The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.

60.     Even if the members of the proposed Class could afford such litigation, the court system could not.

61.     Individualized litigation increases the delay and expense to all parties and to the court system, as the legal and factual issues of the case are complex.

62.     By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

63.     Plaintiff anticipates providing notice to the Class Members by direct mail notice, publication, and other reasonable means.

64.     Unless the Class is certified, Defendant will retain monies received as a result of the unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to advertise, market, and promote the Products in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

65.     Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750, *ET SEQ.*

66.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

67.    California Civil Code Section 1750, *et seq.,* entitled the Consumers Legal Remedies Act (hereinafter, "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer."   The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

68.    Defendant's Products each constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

69.    Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

70.    Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

71.    Civil Code Section 1770(a)(2), (5), (7) and (9) provide:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;
>
> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have …;
>
> (7) [r]epresenting that goods or services are of a particular standard, quality, or grade … if they are of another; [and]
>
> (9) [a]dvertising goods or services with intent not to sell them as advertised."

72.    Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing that the Products contained ethyl alcohol and could kill 99.9% of germs.

73.    In reality, Defendant's Products contained methanol and were not only dangerous, but also ineffective at killing germs. In short, Defendant's representations on the Products' labels were false and misleading.

74.    On information and belief, Defendant violated the CLRA, as set forth herein, knowing that the conduct alleged was wrongful and motivated solely by Defendant's self-interest. Plaintiff further alleges that Defendant committed these acts knowing it would harm consumers, and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

75.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false and misleading representations set forth on Defendant's Products' labels, as explained above.

76.    As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the putative Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

77.    As of the filing of this Complaint, Defendant has not complied with Plaintiff's demand letter pursuant to California Civil Code § 1782, which was mailed via certified mail to Defendant on or about October 20, 2020.

78.    Attached hereto as Exhibit A is the affidavit of Plaintiff pursuant to Cal. Civ. Code § 1780(d).

79.    Plaintiff and the putative Class are also entitled to, and seek, injunctive relief prohibiting such conduct in the future and to recover money damages.

///

///

///

///

CLASS ACTION COMPLAINT                                         *Farooq v. 4E Brands*

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ.*

80. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

82. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

83. Defendant states that its Products safely kill 99.9% of germs and that its Products contain ethyl alcohol, but in reality, this is not true.

84. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

85. At all times relevant, Defendant's advertising and promotion of its Products were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members through the above described representations.

86. Defendant engaged in the false and/or misleading advertising and marketing of its Products, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Products, which Defendant knew, or had reason to know, did not have the properties that Defendant alleged the Products had.

87. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

88. Had Defendant accurately advertised its Products, Plaintiff and the putative Class members would not have purchased the Products.

89. This false and misleading advertising of the Products by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

90.     As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Products during the Class Period.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
### BUS. & PROF. CODE §§ 17200, *ET SEQ.*

91.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92.     Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

93.     "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

94.     By and through Defendant's conduct alleged in detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

95.     Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq.,* by marketing,

manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq*. and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq.,* as alleged herein.

96.    Defendant violated the above-referenced statutes by falsely and misleadingly representing that its Products contained ethyl alcohol and could safely kill 99.9% of germs.

97.    By advertising, promoting, manufacturing, and selling its Products in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

### B. "UNFAIR" PRONG

98.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

99.    Had Plaintiff and the putative class members been informed that Defendant's Products contained methanol, Plaintiff and the class members would not have purchased the Products.

100.    In other words, Defendant earned Plaintiff's and the putative Class members' business by using deceptive advertising, which placed competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a premium price for the Product.

### C. "FRAUDULENT" PRONG

101.    Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely and misleadingly advertising that its Products safely kill 99.9% of germs and that they contain ethyl alcohol, as described above.

102.   Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

**D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG**

103.   Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, in that consumers are led to believe that Defendant's Products safely kill 99.9% of germs and contain ethyl alcohol, as described above.

104.   Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Products.

105.   As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received, and continues to receive, an unfair competitive advantage and an unearned commercial benefit at the expense of its competitors and the public who unwittingly paid for Defendant's Products based on Defendant's misleading representations.

106.   Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations, as set forth on Defendant's website and other advertising materials as explained above.

107.   Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

108.   In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks to recover attorneys' fees, a recovery that is available to a prevailing plaintiff in a class action such as this.

///

///

**FOURTH CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

109.   Plaintiff repeats, re-alleges, and incorporates by reference the above allegations as if fully stated herein.

110.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and other similarly situated consumers, that Defendant's Products safely kill 99.9% of germs and contain ethyl alcohol, as described above.

111.   Defendant made these representations knowing, or having reason to know, that they are false and misleading.

112.   Defendant acted with the intent to induce the public, including Plaintiff and the putative Class members, to purchase Defendant's Products.

113.   Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Products.

114.   At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

115.   As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase Defendant's Products due to the unlawful acts of Defendant.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

116.   Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

117.   Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and other similarly situated consumers, through its website and other advertising

materials as detailed above, that Defendant's Products safely kill 99.9% of germs and contain ethyl alcohol, as described above.

118.  Defendant acted intentionally by willfully and purposefully printing specific advertising materials on the Products' labels.

119.  However, as described above, the Products do not have the advertised benefits.

120.  Defendant knew or had reason to know such representations were false, but it continued to advertise its Products in a false or misleading way.

121.  Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

122.  As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

123.  Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

      i.    The "who" is Defendant;

      ii.    The "what" is the representation that Defendant's Products safely kill 99.9% of germs and contain ethyl alcohol, as described above;

      iii.    The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

      iv.    The "where" is in Defendant's advertising materials; and

      v.    The "how" is the allegation that the Products were defective and contained methanol.

124.  By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

///

1

### PRAYER FOR RELIEF

2    **WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff

3    and the putative Class members the following relief against Defendant:

4    - That this action be certified as a Class Action;

5    - That Plaintiff be appointed as the Class Representative;

6    - That Plaintiff's attorneys be appointed as Class Counsel;

7    - That Defendant's wrongful conduct be adjudged and decreed to violate the

8      consumer protection statutes raised herein;

9    - An order requiring the imposition of a constructive trust and and/or

10     disgorgement of Defendant's ill-gotten gains and to pay restitution to

11     Plaintiff and all members of the Class and to restore to Plaintiff and

12     members of the class all funds acquired by means of any act or practice

13     declared by this court to be an unlawful, fraudulent or unfair business act

14     or practice, in violation of laws, statutes or regulations, or constituting

15     unfair competition;

16   - Distribution of any monies recovered on behalf of members of the Class via

17     fluid recovery or *cy pres* recovery were necessary and as applicable, to

18     prevent Defendant from retaining the benefits of its wrongful conduct;

19   - That Plaintiff and each of the other members of the Class recover the

20     amounts by which Defendant has been unjustly enriched;

21   - A temporary, preliminary and/or permanent order for injunctive relief

22     requiring Defendant to: (i) discontinue its false and/or misleading

23     statement/s; and (ii) undertake an immediate public information campaign

24     to inform members of the proposed Class of its prior practices;

25   - That Defendant be enjoined from continuing the wrongful conduct alleged

26     herein and be required to comply with all applicable laws;

27   - Pre-judgment interests from the date of filing of this suit;

28

CLASS ACTION COMPLAINT                                    *Farooq v. 4E Brands*

- That Plaintiff and each member of the putative Class recover their costs of suit.

**FIRST CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT**
**CAL. BUS. & PROF. CODE §§ 1750, *ET SEQ.***

- Actual damages, injunctive relief, restitution, and punitive damages pursuant to Cal. Civ. Code § 1780(a); and
- An award of costs and attorneys' fees pursuant to Cal. Civ. Code § 1780(d).

**SECOND CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW**
**CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.***

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and
- Recovery of reasonably attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

**THIRD CAUSE OF ACTION FOR**
**VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.***

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203; and
- Recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

**FOURTH CAUSE OF ACTION FOR**
**NEGLIGENT MISREPRESENTATION**

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial.

///

///

### FIFTH CAUSE OF ACTION FOR
### INTENTIONAL MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be determined at trial;

- Punitive damages pursuant to Cal. Civ. Code § 3294; and

- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper.

### TRIAL BY JURY

125.   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.


Date: January 27, 2021                          **KAZEROUNI LAW GROUP, APC**


                                        By: *s/ Abbas Kazerounian*
                                             Abbas Kazerounian, Esq.
                                             *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT                                    *Farooq v. 4E Brands*